UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARE,<br><br>        Plaintiff,<br>v.<br><br>INKU NAM; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER,<br><br>        Defendants. | Case No.: 19cv1765-JAH (MSB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>[Doc. No. 3] |

## **INTRODUCTION**

  Pending before the Court is Defendants Barrett Daffin Frappier Treder & Weiss, LLP and Inku Nam's ("Defendants") motion to dismiss pro se Plaintiff Michael Dare's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *See* Doc. No. 3. Plaintiff filed a response to the motion. *See* Doc. No. 14. After a careful review of the pleadings and relevant exhibits, the Court GRANTS Defendants' motion to dismiss.

///

///

# FACTUAL BACKGROUND[1]

Plaintiff filed the instant action concerning property located at 1800 S. Juniper Street, Escondido, CA 92025 (the "Property"). *See* Doc. No. 1. In April 2006, Plaintiff refinanced the Property with a loan from Aegis Wholesale Corporation ("Aegis") in the amount of $400,000, secured by a Deed of Trust recorded with respect to the Property on April 10, 2006. *See* Doc. No. 1, Ex. B. The Deed of Trust identifies Plaintiff as Borrower, Aegis as Lender, Commonwealth Land Title as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary "solely as a nominee for Lender and Lender's successors and assigns." *Id*.

In 2011, MERS assigned its beneficial interest under the Deed of Trust to U.S. Bank, National Association, as Trustee for the Certificate holders of the LXS 2006-12N Trust Fund ("U.S. Bank"), as evidenced in documents recorded in the Official Records of San Diego County on June 14, 2011, and March 6, 2012, respectively. *See* Doc. No. 3-2, Ex. 2 and Ex. 3.

On June 28, 2013, an Assignment of Deed of Trust was executed by Bank of America, N.A. and recorded on October 30, 2013, reflecting the Deed of Trust was assigned to "Nationstar Mortgage, LLC." *See* Doc. No. 3-2, Ex. 4.

On December 19, 2018, U.S. Bank National Association as successor to Downey Savings and Loan Association by Nationstar Mortgage LLC, its Attorney in Fact

---

[1] Defendants ask this Court to take judicial notice of ten documents in support of its motion to dismiss as Exhibits 1-10. *See* Doc. No. 3-2. Exhibits 1-8 are various official records of the County of San Diego: (1) Deed of Trust; (2) Assignment of Deed of Trust; (3) Corrective Corporation Assignment of Deed of Trust; (4) Assignment of Deed of Trust; (5) Corporate Assignment of Deed of Trust; (6) Substitution of Trustee; (7) Notice of Default and Election to Sell Under Deed of Trust; and (8) Notice of Trustee's Sale. *Id*. Exhibits 9-10 are court documents related to Plaintiff's chapter 7 bankruptcy filed on May 22, 2019 in the United States Bankruptcy Court, Southern District of California: (9) PACER Case Summary for Case No. 19-02858-LT7; and (10) U.S. Bankruptcy Court Order on Motion for Relief From the Automatic Stay entered on August 14, 2019. *Id*. Because Exhibits 1-10 are publicly recorded and publicly accessible documents whose accuracy cannot reasonably be questioned, this Court deems it appropriate to take judicial notice of Exhibits 1-10. Fed. R. Evid. 201(b); *see also Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal. 2006).

assigned the deed of trust to "U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-12N." *See* Doc. No. 3-2, Ex. 5.

Nationstar Mortgage LLC d/b/a Mr. Cooper, as attorney in fact for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-12N, appointed Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") as substitute trustee on December 28, 2018. *See* Doc. No. 3-2, Ex. 6.

Due to Plaintiff's failure to maintain payments on the loan (as of January 21, 2019, the delinquency amounted to $280,996.93), BDFTW recorded a notice of default against the Property on January 23, 2019. *See* Doc. No. 3-2, Ex. 7. The Notice of Default was signed on January 21, 2019, by Inku Nam, on behalf of BDFTW, as authorized agent for BDFTW. *Id*.

On May 22, 2019, Plaintiff filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, Southern District of California, Case No. 19-02958 ("Plaintiff's Bankruptcy"). *See* Doc. No. 3-2, Ex. 9. On August 14, 2019, an Order granting U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates 2006-12N's Motion for Relief from the Automatic Stay was entered in Plaintiff's Bankruptcy in connection with the Property. *See* Doc. No. 3-2, Ex. 10. On September 4, 2019, a Notice of Trustee's Sale was recorded against the Property and included a sale date of October 4, 2019, at 10:00 a.m. *See* Doc. No. 3-2, Ex. 9.

## PROCEDURAL BACKGROUND

On September 13, 2019, Plaintiff filed the instant Complaint against BDFTW, attorney Inku Nam, and Nationstar Mortgage LLC, d.b.a. Mr. Cooper. *See* Doc. No. 1. Plaintiff alleges eight causes of action: (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act; (3) violation of the Truth In Lending Act; (4) breach of contract; (5) violation of "federal trust and lien laws;" (6) slander of title; (7) slander of credit; and (8) intentional or negligent infliction of emotional distress. *Id*. On October 4,

2019, Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint fails to state a claim upon which relief can be granted and asking the Court to dismiss each cause of action against these Defendants. *See* Doc. No. 3-1. Defendants' motion to dismiss also includes a motion for a more definite statement pursuant to Fed. R. Civ. Proc. 12(e) if the Court does not dismiss all of the causes of action asserted in the Complaint. *Id*. In response, Plaintiff filed a demand to strike Defendant's motion to dismiss from the record on October 22, 2019. *See* Doc. No. 14. Defendants did not file a reply to Plaintiff's response. The motion was subsequently taken under submission without oral argument pursuant to Local Rule 7.1(d.1).

## DISCUSSION

**I.     Legal Standard**

**a.   Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court

takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.

    **b. Rule 9(b)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

    **II.   Analysis**

In the instant motion, Defendants contend (a) Plaintiff's claims for wrongful foreclosure, breach of contract, and violation of federal trust and lien laws fail because they are insufficiently pled and Plaintiff lacks standing to challenge any purported foreclosure; (b) Plaintiff's claim for violation of the Fair Debt Collection Practices Act ("FDCPA") fails because there is no independent FDCPA claim arising from the nonjudicial foreclosure; (c) Plaintiff's claim for violation of the Truth in Lending Act ("TILA") fails because Defendants are not creditors and Plaintiff's TILA claims are time-barred; (d) Plaintiff's claim for slander of title fails to state a claim because publication of the Notice of Default and Notice of Sale was privileged and there was no malice in the recording of the notices; (e) Plaintiff's claim for slander of credit fails because the Notice of Default and Notice of

Sale are privileged and were properly recorded; and (f) Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff does not allege extreme conduct that would support an IIED claim. *See* Doc. No 3-1, pp. 6-12.

In response to Defendants' motion to dismiss, Plaintiff does not address the arguments raised by Defendants in support of their motion. Instead, Plaintiff demands the Court to strike the motion to dismiss from the record because "the law firm representing the defendant (a debt collector) does not have a license to be a debt collector, does not have a bond nor are they registered with the Attorney General for [California], as mandated by the FDCPA" and "the attorney does not have a real license to practice law . . . and therefore has no standing in this court." *See* Doc. No. 14, pp. 1-2. Plaintiff also appears to argue twice that the case must be dismissed, first because "people have rights, Corporations do not have rights" and "the right to contract is reserved to the people." *Id*. at 3. Plaintiff argues that "[c]orporations cannot sign and therefore cannot enter into any contract, with an attorney." *Id*. Plaintiff additionally contends "[t]he court must dismiss for lack of subject jurisdiction" because "no 'debt collector' attorney can collect any debt without the 'Original Wet Ink Signed Contract' being present in court . . . [and] [t]his missing contract is the 'subject matter' of the 'Court's jurisdiction' [sic] without it the court has no jurisdiction to proceed." *Id*. at 5.

The Court addresses each of Defendants' contentions to support their motion to dismiss in turn below.

### a. Wrongful Foreclosure, Breach of Contract, and Violation of Federal Trust and Lien Law Claims

Defendants assert Plaintiff's wrongful foreclosure claim should be dismissed as Plaintiff does not have standing to challenge any purported foreclosure because he has not alleged an ability to tender. *See* Doc. No. 3-1, p. 6. Defendants also argue Plaintiff's claim for breach of contract fails because the Complaint does not identify which contract Defendants were purportedly a party to with Plaintiff, and none of the documents attached to the Complaint or those judicially noticed show Defendants are in privity of contract with

Plaintiff. *Id*. at p. 8.  Finally, Defendants contend that Plaintiff does not allege a violation of California Civil Code § 2924, which governs nonjudicial foreclosures. *Id*. at p. 7.

### i. Wrongful Foreclosure Claim

In his Complaint, Plaintiff alleges "[t]he foreclosing party did not have standing to execute the power of sale clause in the deed of trust, and therefore the nonjudicial foreclosure is void." *See* Doc. No. 1, p. 16.

Under California law, the following are elements of a claim for wrongful foreclosure:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).

The first element may be satisfied through a variety of procedural defects, such as noncompliance with the requirements for notice or the trustee's lack of authority to foreclose. *Id*. at 104-05.  The second element is met when an irregularity in the proceeding adversely affects the trustors' ability to protect their interest in the property. *See Ram v. OneWest Bank, FSB*, 234 Cal. App. 4th 1, 11 (2015).  Prejudice is not presumed from "mere irregularities" in the process. *Id*.; *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (slight defects in timing of notice of sale and in stating date of default were not prejudicial).  "The prejudice or harm element is met only if a plaintiff demonstrates that the foreclosure would have been averted but for the alleged deficiencies." *See Albano v. Cal-W. Reconveyance Corp.*, No. 4:12-CV-4018, 2012 WL 5389922, at *6 (N.D. Cal. Nov. 5, 2012).  Lastly, the third element requires a plaintiff either tender or be excused from tendering the amount of the debt.

Here, Defendants correctly contend that Plaintiff's Complaint fails to allege facts that indicate Plaintiff tendered or was excused from tendering the amount of the debt at the

time of foreclosure. Upon review of the Complaint, the Court also finds Plaintiff does not allege specific facts that would indicate there was an irregularity in the proceeding that adversely affected his ability to protect his interest in the property. Plaintiff's Complaint alleges the foreclosure is void because it was initiated by a party without standing, which could constitute a procedural defect within the first element for a claim of wrongful foreclosure; however, Plaintiff does not plead specific facts to support his contention that Nam does not have standing to initiate the foreclosure. California Civil Code § 2924 is instructive on nonjudicial foreclosures and provides "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code § 2924(a)(1) (West). In this case, the judicially noticed San Diego County records indicate BDFTW was appointed as substitute trustee on January 9, 2019. *See* Doc. No. 3-2, Ex. 6. As trustee, BDFTW properly recorded a notice of default against the property on January 23, 2019, which was signed on behalf of BDFTW by Nam, its authorized agent. *See* Doc. No. 3-2, Ex. 7. Plaintiff fails to allege specific facts to challenge BDFTW's status as substitute trustee or Nam's status as an authorized agent for BDFTW. Therefore, the Court finds Plaintiff's wrongful foreclosure claim fails.

### ii. Breach of Contract Claim

In his Complaint, Plaintiff alleges "[t]he defendant is in breach of contract as the original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." *See* Doc. No. 1, p. 16. Plaintiff contends "the fact the defendants issued a notice of default letter to execute the power of sale clause in the deed of trust will verify the defendants contracted to provide a loan to the plaintiff, and the defendants owed a legal duty to the plaintiff." *Id.* at p. 5. Plaintiff also contends there was a breach because "the corporation never registered the commercial instrument because they knew it was a financial asset to the debtor." *Id.* at p. 6. Plaintiff demands "compensatory damages to reimburse the plaintiff for costs associated with the injury"

including "[a]ll of the monthly payments made on a fake loan plus interest for the number of year's [sic] payments were made and legal expenses." *Id*.

Under California law, the elements of a cause of action for breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Here, the Plaintiff has not pled sufficient facts to show there was a contract between himself and Defendants. Plaintiff's Complaint mentions a "breach" and "damages," but does not include specific allegations or additional documents to prove the existence of a contract between himself and the Defendants, which is necessary for a breach of contract claim. The issuance of a notice of default letter to execute the power of sale clause in the deed of trust is not indicative of a contract between Plaintiff and Defendants, but a right conferred upon Defendants when BDFTW was appointed as a substitute trustee. Accordingly, the Court finds Plaintiff's claim for breach of contract fails.

### iii. Violation of Federal Trust and Lien Law Claim

Plaintiff claims "[t]he defendant violated Federal Trust and Lien Laws when [Defendant Nam] signed on behalf of the trustee without legal authorization." *See* Doc. No. 1, p. 16.

As noted above, California Civil Code § 2924 governs nonjudicial foreclosures in California, and provides a "trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code § 2924(a)(1) (West). Here, none of the allegations in the Complaint show Defendant Nam was not an authorized agent of substitute trustee BDFTW to initiate the nonjudicial foreclosure process. Accordingly, Plaintiff's claim for violation of federal trust and lien law fails.

///
///

### b. Fair Debt Collection Practices Act Claim

Plaintiff argues Defendants are in violation of the Fair Debt Collection Practices Act ("FDCPA") because "[t]he law firm, or the attorney, did not meet the requirements mandated in the [FDCPA], necessary to be a legal debt collector." *See* Doc. No. 1, p. 2. Plaintiff contends the FDCPA "mandates the attorney and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State in which they are collecting." *Id*. Later in the Complaint Plaintiff alleges "[t]he defendant, and the named corporation are debt collectors as defined in Title 15 of the United States Code, section 1692a(6) of the Act." *Id*. at p. 13. Plaintiff argues "[i]n this dispute the debt collector used false, deceptive and harassing debt collection tactics against the plaintiff." *Id*. at p. 14.

In their motion to dismiss, Defendants argue there is no independent FDCPA claim arising from the nonjudicial foreclosure. *See* Doc. No. 3-1, p. 8. Defendants cite to *Obduskey v. McCarthy Holthus, LLP*, 139 S. Ct. 1029 (2019), to argue that a law firm pursuing nonjudicial foreclosure is not a debt collector as defined by the general provisions of the FDCPA, and therefore Plaintiff's claim for alleged violation of the FDCPA fails. *Id*. at p. 9.

"To state an FDCPA claim, a complaint must plead four elements: (1) the plaintiff is a 'consumer' within the meaning of 15 U.S.C. § 1692a(3); (2) the debt at issue arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of § 1692a(6); and (4) the defendant violated a provision of the FDCPA." *Peebles v. Seterus, Inc.*, No. 219CV00242JAMKJN, 2019 WL 4464126, at *2 (E.D. Cal. Sept. 18, 2019).

In the instant action, the Complaint alleges Defendants used false, deceptive, and harassing debt collection tactics as a debt collector in the nonjudicial foreclosure process. However, the Court finds Plaintiff has failed to allege facts sufficient to show that Defendants, one being a law firm acting as an appointed substitute trustee to initiate the nonjudicial foreclosure process, and the other an attorney acting as the substitute trustee

law firm's authorized agent to record the notice of default, are "debt collectors" within the meaning of the FDCPA.  *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA); *Obduskey v. McCarthy Holthus, LLP*, 139 S. Ct. 1029, 1038 (2019) ("[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act.").  Accordingly, Plaintiff's claim for violation of the FDCPA fails.

### c. Truth in Lending Act Claim

Plaintiff argues Defendants violated the Truth in Lending Act ("TILA") because "the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange" and "[t]he failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means and deception to collect debt."  *See* Doc. No. 1, p. 9.  Defendants assert this cause of action fails for two reasons: Defendants are not subject to the Truth in Lending Act because they are not "creditors" within the meaning of the statute, and Plaintiff's TILA claims are time barred.  *See* Doc. No. 3-1, p. 9.

The Court finds the Complaint fails to state a claim under TILA, which defines a "creditor" as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602 (West).  This Court finds that Plaintiff's allegations fail to assert that either of the Defendants regularly extends consumer credit and are the persons to whom the debt arising from any consumer credit transaction is payable to in relation to the foreclosure process.  Further, even if Defendants were considered creditors subject to civil liability under TILA, Plaintiff's claims are time barred because the loan at the center of the nonjudicial foreclosure originated in 2006.  15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."); 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years

after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). Therefore, Plaintiff's TILA claim against these Defendants fails.

### d. Slander of Title and Slander of Credit Claims

Plaintiff contends Defendants are liable for slander of title because "defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title." *See* Doc. No. 1, p. 16. Plaintiff also brings a claim for slander of credit, alleging "the actions and inactions of the defendants have impaired their [sic] credit." *Id*.

Defendants argue that Plaintiff has not stated and cannot maintain a claim for slander of title because "the publication of the Notice of Default and Notice of Sale was privileged, did not disparage the Property and did not result in any pecuniary loss to Plaintiff." *See* Doc. No. 3-1, p. 10. Defendants contend Plaintiff's slander of title claim further fails because the Notice of Default and Notice of Sale does not disparage the property as a matter of law. *Id*. Defendants argue Plaintiff's slander of credit claim similarly fails because the notices are privileged, and the notices were properly recorded as a result of Plaintiff's default under the terms of the loan obligation. *Id*. at p. 11.

Under California law, slander of title occurs "when a person, without privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997). The elements of a slander of title claim are "(1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Id*. Pursuant to California Civil Code § 2924, the "mailing, publication, and delivery of notices" and "[p]erformance of the procedures set forth" as required by § 2924 for a nonjudicial foreclosure constitute privileged communications against a claim for slander under California law. Cal. Civ. Code § 2924(d)(1)-(2); *see also Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 341 (2008) ("[W]e conclude that the protection granted to nonjudicial foreclosure . . . is the qualified common interest privilege of section 47, subdivision (c)(1)."). The privilege can be overcome if the plaintiff can show actual malice by the defendant, meaning "the publication was motivated by hatred or ill will towards the

plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *See Kachlon*, 168 Cal. App. 4th at 335-36 (internal citations omitted).

Here, Plaintiff does not sufficiently allege facts to support a claim for slander of title or for slander of credit. Plaintiff argues the recordation of documents to commence the foreclosure sale has impaired his title and credit but fails to demonstrate the falsity of those documents or any direct pecuniary loss as a result. Moreover, Plaintiff fails to allege actual malice sufficient to overcome the statutory privilege afforded to recorded documents and procedures to initiate the nonjudicial foreclosure process. Lastly, "foreclosure notices do not slander title in that they do not disparage land." *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1122 (E.D. Cal. 2014). Therefore, the Court finds Plaintiff's claims for both slander of title and slander of credit fail.

### e. Intentional Infliction of Emotional Distress Claim

Plaintiff's claim for intentional infliction of emotional distress (IIED) alleges that Defendants have "intentionally or negligently taken actions which have caused plaintiff emotional distress." *See* Doc. No. 1, p. 17. Defendants argue Plaintiff's IIED claim is insufficiently pled because Plaintiff fails to assert any outrageous conduct "beyond all reasonable bounds of decency" outside the normal nonjudicial foreclosure process. *See* Doc. No. 3-1, p. 12.

To state a claim for IIED, a plaintiff must allege facts showing: (1) extreme and outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress. *See Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004); *see also Christensen v. Superior Court*, 54 Cal.3d 868, 903-04 (1991). "Outrageous conduct" is that which exceeds all bounds usually tolerated by a decent society and is of a nature which is especially calculated to cause, and does cause, mental distress. *See McDaniel v. Gile*, 230 Cal. App. 3d 363, 372 (1991). While the issue of outrageousness is normally an issue of fact to be determined by the trier of fact, the court

may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *See Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (1989).

Absent other circumstances, the act of foreclosing on a home is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim. *See Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.*, 2010 WL 3769459, at *4–5, (N.D. Cal. 2010); *Mehta v. Wells Fargo Bank, N.A.*, 2010 WL 3385020, at *16 (S.D. Cal. 2010) ("The fact that one of defendant Wells Fargo's employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context.")

Here, Plaintiff alleges Defendants' actions to commence the nonjudicial foreclosure process have caused him severe emotional distress. *See* Doc. No. 1, p. 16. This Court finds that Plaintiff's allegation fails to assert extreme and outrageous conduct by Defendants outside that behavior found in the foreclosure process. Accordingly, Plaintiff's intentional infliction of emotional distress claim fails.

## CONCLUSION AND ORDER

In sum, assuming the truth of all factual allegations and reasonable inferences drawn therefrom in the light most favorable to the Plaintiff, Plaintiff fails to plead facts demonstrating he has a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, or fails to plead facts under specified legal theories. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

When the Court determines that a complaint fails to state a claim, the Court should permit leave to amend the complaint, unless the Court determines that the claim(s) could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Here, the Court has determined that additional factual allegations could not possibly cure Plaintiff's claims for wrongful foreclosure, breach of contract, violation of federal trust and lien laws, violation of the Fair Debt Collection

Case 3:19-cv-01765-JAH-MSB   Document 25   Filed 09/27/21   PageID.358   Page 15 of 15

Practices Act, violation of the Truth in Lending Act, slander of title, slander of credit, and intentional infliction of emotional distress as a matter of law.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims for wrongful foreclosure, breach of contract, violation of federal trust and lien laws, violation of the Fair Debt Collection Practices Act, violation of the Truth in Lending Act, slander of title, slander of credit, and intentional infliction of emotional distress are **DISMISSED with prejudice**.
2. Defendants' motion for a more definite statement, Doc. No. 3-1, is **DENIED as moot**.
3. Defendants' motion to strike portions of Plaintiff's Complaint, Doc. No. 4, is **DENIED as moot**.
4. Plaintiff's motion for permission to participate in electronic case filing, Doc. No. 18, is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:     September 27, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

15

19cv1765-JAH (MSB)