1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DARE,<br><br>                                  Plaintiff,<br><br>v.<br><br>INKU NAM; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER,<br><br>                                  Defendants. | Case No.:  19cv1765-JAH (MSB)<br><br>**ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS [Doc. No. 6]** |

## INTRODUCTION

Pending before the Court is Defendant Nationstar Mortgage LLC, d.b.a. Mr. Cooper's ("Defendant") motion to dismiss pro se Plaintiff Michael Dare's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the doctrine of res judicata.[1]  *See* Doc. No. 6.  Plaintiff filed a response to the motion [Doc. No. 16] and

_____

[1] Defendant titles its memorandum of points and authorities in support of its motion to dismiss as being brought pursuant to Fed. R. Civ. P. 30(B)(6) but sets forth the legal standard for a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  Accordingly, the Court construes the motion as brought under Fed. R. Civ. P. 12(b)(6).

Defendant filed a reply [Doc. No. 21].  After a careful review of the pleadings and relevant exhibits, the Court GRANTS Defendant's motion to dismiss.

### FACTUAL BACKGROUND[2]

Plaintiff filed the instant action concerning property located at 1800 S. Juniper Street, Escondido, CA 92025 (the "Property").  *See* Doc. No. 1.  In April 2006, Plaintiff refinanced the Property with a loan from Aegis Wholesale Corporation ("Aegis") in the amount of $400,000, evidenced by an Adjustable Rate Note ("Note") signed on April 5, 2006, and secured by a Deed of Trust recorded with respect to the Property on April 10, 2006.  *See* Doc. No. 1, Ex. B.  The Deed of Trust identifies Plaintiff as Borrower, Aegis as Lender, Commonwealth Land Title as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary "solely as a nominee for Lender and Lender's successors and assigns." *Id*.

In 2011, MERS assigned its beneficial interest under the Deed of Trust to U.S. Bank, National Association, as Trustee for the Certificate holders of the LXS 2006-12N Trust Fund ("U.S. Bank"), as evidenced in documents recorded in the Official Records of San Diego County on June 14, 2011, and March 6, 2012, respectively.  *See* Doc. No. 7-1, Ex. 1 and Ex. 2.

---

[2] Defendant asks this Court to take judicial notice of sixteen documents in support of its motion to dismiss as Exhibits 1-16.  *See* Doc. No. 7.  Exhibits 1-6 are various official records of the County of San Diego: (1) Assignment of Deed of Trust; (2) Corrective Corporation Assignment of Deed of Trust; (3) Substitution of Trustee; (4) Notice of Default and Election to Sell Under Deed of Trust; (5) Substitution of Trustee; and (6) Notice of Trustee's Sale.  *Id*.  Exhibits 7-16 are court documents filed in both state and federal courts: (7) Notice of Chapter 7 Bankruptcy Discharge entered by the U.S. Bankruptcy Court for the Southern District of California on August 20, 2019; (8) Plaintiff's Complaint in the Superior Court for San Diego County filed on November 17, 2015; (9) this Court's March 27, 2017 Order; (10) Plaintiff's Amended Complaint filed on April 17, 2017; (11) this Court's February 1, 2018 Order; (12) Plaintiff's Second Amended Complaint filed on February 23, 2018; (13) this Court's September 5, 2018 Order; (14) Plaintiff's Third Amended Complaint filed on February 11, 2019; (15) this Court's April 1, 2019 Order; and (16) Clerk of Court's Judgement entered on April 2, 2019.  Because Exhibits 1-16 are publicly recorded and publicly accessible documents whose accuracy cannot reasonably be questioned, this Court deems it appropriate to take judicial notice of Exhibits 1-16.  Fed. R. Evid. 201(b); *see also Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal. 2006).

Nationstar, as attorney-in-fact for U.S. Bank, later substituted Sage Point Lender Services, LLC ("Sage Point"), as Trustee under the Deed of Trust, as evidenced in a Substitution of Trustee recorded April 22, 2014. *See* Doc. No. 7-1, Ex. 3. Also on April 22, 2014, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property by Sage Point. *See* Doc. No. 7-1, Ex. 4. The Notice of Default indicated that as of April 15, 2014, Plaintiff owed an outstanding loan obligation of $145,198.39. *Id*.

U.S. Bank thereafter appointed Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett Daffin") as Trustee in place of Sage Point, as evidenced in a second Substitution of Trustee recorded July 14, 2015. *See* Doc. No. 7-1, Ex. 5. Barrett Daffin then recorded a Notice of Trustee's Sale on September 9, 2015, and indicated that pursuant to the Deed of Trust and due to Plaintiff's uncured default on the loan, the Property would be sold on October 9, 2015. *See* Doc. No. 7-1, Ex. 6. The sale was subsequently postponed. As a result of Plaintiff's continued failure to cure his default, Barrett Daffin recorded a second Notice of Default and Election to Sell Under Deed of Trust on January 23, 2019, indicating that Plaintiff's delinquency totaled $280,996.93. *See* Doc. No. 1, Ex. A. A Notice of Trustee Sale scheduling a nonjudicial foreclosure auction for May 24, 2019, was transmitted to Plaintiff. *See* Doc. No. 1, ¶ 15.4. That auction was postponed to August 23, 2019, due to Plaintiff's filing of Chapter 7 bankruptcy. *Id*. A notice of a new auction date of October 4, 2019 was scheduled. *Id*. Plaintiff filed this action on September 13, 2019.

## PROCEDURAL BACKGROUND

### I.    Plaintiff's First Wrongful Foreclosure Action

On November 17, 2015, Plaintiff filed a wrongful foreclosure Complaint against Nationstar, Aegis, and U.S. Bank, in the Superior Court of San Diego County, entitled *Michael Dare, pro per v. Aegis Wholesale Corporation; U.S. Bank National Association, as Successor to Downey Savings and Loan Association; and Nationstar Mortgage LLC*, Case. No. 37-2015-00038462-CU-BC-NC ("Case #1"). *See* Doc. No. 7-1, Ex. 8. Plaintiff alleged among other things that there were flaws in the securitization of his Note, defective

assignments of the Note and Deed of Trust, and errors committed in the loan modification process. *Id*. Based on these allegations, Plaintiff challenged Nationstar's authority to foreclose and asserted claims for unconscionable contracts, breach of fiduciary duty, intentional infliction of emotional distress, fraud, declaratory relief, wrongful foreclosure, and violation of the California Homeowners' Bill of Rights ("HBOR"). *Id*. On December 16, 2015, Case #1 was removed to federal court and assigned to U.S. District Judge John A. Houston.[3]

On March 27, 2017, the Court granted Defendant Nationstar and Defendant U.S. Bank's motion to dismiss Plaintiff's complaint, dismissing Plaintiff's claims for breach of fiduciary duty and violation of HBOR with prejudice and dismissing Plaintiff's claims for fraud, unconscionable contracts, intentional infliction of emotional distress, declaratory relief, and wrongful foreclosure with leave to amend. *See* Doc. No. 7-1, Ex. 9.

### a. The First Amended Complaint

On April 17, 2017, Plaintiff filed an Amended Complaint ("FAC"), adding Bank of America ("BANA") as a party, and asserting new allegations that BANA had no right to assign the Deed of Trust to Nationstar and that Nationstar had no right to substitute Sage Point as trustee. *See* Doc. No. 7-1, Ex. 10. Otherwise, the FAC was identical to the original Complaint. On February 1, 2018, the Court granted Defendant Nationstar and Defendant U.S. Bank's motion to dismiss the FAC, dismissing Plaintiff's claims for unconscionable contract and declaratory judgment with prejudice and dismissing the remaining causes of action without prejudice. *See* Doc. No. 7-1, Ex. 11.

### b. The Second Amended Complaint

On February 23, 2018, Plaintiff filed a Second Amended Complaint ("SAC") which added causes of action for violation of California Business and Professions Code §§ 17200, et seq. (the "UCL") and slander of title. See Doc. No. 7-1, Ex. 12. Plaintiff's UCL claim

---

[3] Case #1 is docketed at 3:15-cv-02833-JAH-KSC.

alleged generally that "Defendants are engaging in deceptive business practices" concerning the servicing of mortgage loans, thus causing harm to "Plaintiffs [sic] and California consumers . . . in the form of unfair and unwarranted late fees and other improper charges." *Id*. at ¶¶ 40-48. Plaintiff's slander of title claim sought to quiet title to the Property because of alleged defects in the chain of assignments. *Id*. at ¶¶ 49-59.

On September 5, 2018, the Court granted Defendant Nationstar and Defendant U.S. Bank's motion to dismiss the SAC and dismissed Plaintiff's fraud, intentional infliction of emotional distress, and wrongful foreclosure claims with prejudice. The Court dismissed Plaintiff's UCL and slander of title claims without prejudice. *See* Doc. No. 7-1, Ex. 13.

### c. The Third Amended Complaint

On February 11, 2019, Plaintiff filed a Third Amended Complaint ("TAC"). *See* Doc. No. 7-1, Ex. 14. He claimed that Nationstar could not demonstrate its authority to collect his payments or commence foreclosure because it had not produced the original Note and because of alleged defects in the assignments of his Note and Deed of Trust. *Id*. at ¶¶ 27, 37. On April 2, 2019, this Court granted Nationstar's motion to dismiss the TAC and dismissed Case #1 with prejudice. *See* Doc. No. 7-1, Ex. 15. A Notice of Entry of Judgment was filed and served on April 2, 2019. *See* Doc. No. 7-1, Ex. 16.

## II. Plaintiff's Instant Wrongful Foreclosure Action

On September 13, 2019, Plaintiff filed the instant Complaint against Nationstar, Barrett Daffin, and attorney Inku Nam. *See* Doc. No. 1. Plaintiff alleges eight causes of action: (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act; (3) violation of the Truth In Lending Act; (4) breach of contract; (5) violation of "federal trust and lien laws;" (6) slander of title; (7) slander of credit; and (8) intentional or negligent infliction of emotional distress. *Id*. On October 8, 2019, Defendant filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff's entire complaint, as to Nationstar, is barred by the doctrine of res judicata. *See* Doc. No. 6. In response, Plaintiff filed a demand to strike Defendant's motion to dismiss from the record on October 22, 2019. *See* Doc. No. 16. Defendant filed a reply to Plaintiff's response on

December 2, 2019.   *See* Doc. No. 21.   The motion was subsequently taken under submission without oral argument pursuant to Local Rule 7.1(d.1).

## **DISCUSSION**

### **I.    Legal Standard**

#### **a.   Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.   Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).   In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.   *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true.   Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).   When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice.   *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).   If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.

#### **b.   Rule 9(b)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

## II.   Analysis

As a threshold matter in its motion to dismiss, Defendant argues that Counts 2, 3, and 5 are not against Nationstar.[4] With respect to the remaining claims, Defendant states it is unclear whether these claims are asserted against Nationstar because Plaintiff fails to identify any specific conduct on the part of Nationstar. Nevertheless, Defendant argues that even if Plaintiff's remaining claims are alleged against Nationstar, they are all based on Nationstar's involvement as Plaintiff's loan servicer and in the foreclosure process, i.e., the same conduct which was at issue in Plaintiff's first wrongful foreclosure action. Defendant asserts Plaintiff has alleged nothing new as to Nationstar's conduct after the first wrongful foreclosure action was dismissed with prejudice in April 2019, which would subject Defendant to any new claims. Defendant also argues Plaintiff does not allege any

---

[4] Defendant explains in a footnote why Counts 2, 3, and 5 do not apply to Nationstar:

> In Count 2, Plaintiff alleges that Barret Daffin and Attorney Nam violated the Fair Debt Collection Practices Act ("FDCPA"). In Count 3, he claims that Attorney Nam violated the Truth in Lending Act, Regulation Z, 12 C.F.R. § 226.23, because he is allegedly not licensed to practice law. In Count 5, he appears to allege that Attorney NAM violated "Federal Trust and Lien Laws."

Doc. No. 6-2, p. 6, n. 6. (citations omitted).

7

claims in the current Complaint that were not or could not have been raised in 2015 and litigated in Plaintiff's first wrongful foreclosure action.  Defendant asserts that four of Plaintiff's claims against Nationstar in the instant action were also raised in the first wrongful foreclosure action and are thus barred by res judicata: wrongful foreclosure, slander of title, infliction of emotional distress, and declaratory relief.  Defendant also asserts that Plaintiff arguably raises two "new" claims against Nationstar that were not raised in the first wrongful foreclosure action, but argues they are barred by the res judicata doctrine against claim-splitting: slander of credit and breach of contract.

In response to Defendant's motion to dismiss, Plaintiff does not address the arguments raised by Defendant in support of its motion.  Instead, Plaintiff demands the Court to strike the motion to dismiss from the record because "the law firm representing the defendant (a debt collector) does not have a license to be a debt collector, does not have a bond nor are they registered with the Attorney General for [California], as mandated by the FDCPA" and "the attorney does not have a real license to practice law . . . and therefore has no standing in this court." *See* Doc. No. 16, pp. 1-2.  Plaintiff also appears to argue twice that the case must be dismissed, first because "people have rights, Corporations do not have rights" and "the right to contract is reserved to the people." *Id*. at 3.  Plaintiff argues that "[c]orporations cannot sign and therefore cannot enter into any contract, with an attorney." *Id*.  Plaintiff additionally states "[t]he court must dismiss for lack of subject jurisdiction" because "no 'debt collector' attorney can collect any debt without the 'Original Wet Ink Signed Contract' being present in court . . . [and] [t]his missing contract is the 'subject matter' of the 'Court's jurisdiction' [sic] without it the court has no jurisdiction to proceed." *Id*. at 5.

In reply, Defendant treats Plaintiff's document as an opposition and reiterates that the entire complaint is barred by the doctrine of res judicata.  Defendant further argues leave to amend should be denied because Plaintiff does not dispute that the Complaint cannot possibly be saved in the instant action. Lastly, Defendant asserts Plaintiff's "demand to strike" should be ignored because it lacks notice of motion or a hearing date

and thus is not a formal motion before the Court for its consideration, and the allegations contained in Plaintiff's demand espouse incoherent thoughts similar to the underlying Complaint.

The Court agrees with Defendant's contention that the entire complaint is barred by the doctrine of res judicata and the res judicata doctrine against claim-splitting.

### a. Res Judicata

Res judicata, also known as claim preclusion, precludes parties from relitigating issues that were or could have been raised in a prior action, and can serve as the basis for granting a motion to dismiss. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Res judicata is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)). A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where, as here, there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The Court will discuss each element in turn.

### 1. Identity of Claims

Identity of claims exists "when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra*, 322 F.3d at 1078 (citation omitted); *see also Howard v. City of Coos Bay,* 871 F.3d 1032, 1039 (9th Cir. 2017). Here, Plaintiff's claims in the instant action arise from the same transactional nucleus of facts as in the first wrongful foreclosure action. Specifically, the first wrongful foreclosure action involved the foreclosure of the same property, and Plaintiff made the same allegations about Nationstar's involvement as the loan servicer in the commencement of foreclosure proceedings and recordation of Notices of Default and Notices of Trustee's Sale against the property. *See* Doc. No. 7-1, Ex. 14. The alleged wrongful conduct in the instant action arises out of the same transaction or series of transactions with the same parties, and it involves the same nucleus

of facts and the same relief in that Plaintiff asks the Court to declare the Defendant lacks an interest in the property which would permit them to initiate foreclosure and sell the property.  Accordingly, the Court finds an identity of claims, satisfying the first element for res judicata.

### 2.  Final Judgment on the Merits

In Plaintiff's first action for wrongful foreclosure, the claims against Nationstar were dismissed with prejudice.  *See* Doc. No. 7-1, Ex. 15.  A dismissal with prejudice constitutes a "final judgment on the merits" for res judicata purposes.  *International Union of Operating Engineers-Employers Const. Industry Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993); *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (9th Cir. 2006); *see also Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n. 3 (9th Cir. 1990) ("Federal law dictates that a dismissal with prejudice bars a later suit under res judicata.").  Therefore, the Court finds the second  element for res judicata is met.

### 3.  Privity Between Parties

Finally, the parties involved in the earlier wrongful foreclosure action and in the present case are identical.  The third element of res judicata is clearly met.  Because all elements for res judicata are met, the Court finds Plaintiff's claims for wrongful foreclosure, slander of title, infliction of emotional distress, and declaratory relief against the Defendant are barred by the doctrine of res judicata.

### b.  Res Judicata Doctrine Against Claim-Splitting

"[W]hen two suits arise from the same transactional nucleus of facts," identity of claims exists to apply res judicata.  *Tahoe-Sierra*, 322 F.3d at 1078 (citation omitted).  However, even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."  *Id*.  "The doctrine of res judicata bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action, if the prior suit concluded in a final judgment on the merits.'"  *Int'l Union*

*of Operating Engineers-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (quoting *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980)).

In the instant action, Plaintiffs asserts claims for slander of credit and breach of contract based on the same foreclosure proceedings initiated against the same property that was the subject of his first wrongful foreclosure action against Nationstar, which concluded in a final judgment on the merits.  Slander of credit and breach of contract were grounds that Plaintiff could have brought in the first wrongful foreclosure action.  Accordingly, the doctrine of res judicata also bars Plaintiff's claims for slander of credit and breach of contract.

## CONCLUSION AND ORDER

For the reasons set out above, the Court **GRANTS** Defendant Nationstar Mortgage LLC's motion to dismiss [Doc. No. 6-2].  This action is hereby **DISMISSED WITH PREJUDICE** as to Defendant on res judicata grounds.

**IT IS SO ORDERED.**

DATED:      September 27, 2021

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

19cv1765-JAH (MSB)